IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DELANEY A. MCCOY, | ) | Case No. 1:25-CV-0988 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JAMES E. GRIMES JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **ORDER & OPINION** |
| Defendant. | ) | |

On May 14, 2025, Plaintiff Delaney A. McCoy filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision denying their applications for child's insurance benefits and supplemental security income ("SSI"). ECF 1. The Court referred the case to Magistrate Judge James E. Grimes Jr. for preparation of a report and recommendation ("R&R") pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b). Magistrate Judge Armstrong recommends the Court affirm the decision of the Commissioner. ECF 12.

McCoy filed an objection on February 6, 2026, alleging that the Magistrate Judge erred in affirming the administrative law judge's ("ALJ") conclusions on residual functional capacity ("RFC"). The Court has reviewed the record, the briefings, the R&R, and McCoy's objection. The Commissioner's decision to deny child's insurance benefits and SSI is supported by substantial evidence, so the Court overrules McCoy's objection and adopts Magistrate Judge Grimes' R&R. Accordingly, the Court **AFFIRMS** the ALJ's decision and **DISMISSES** the case, with prejudice.

I.   **Background**

McCoy filed their child's insurance benefits[1] and SSI applications on October 10, 2022, alleging a disability onset date of November 20, 2003. Tr. at 10. [2] Their application was denied initially and upon reconsideration. They then requested a hearing before an ALJ in October 2023. Tr. at 142. The ALJ held a hearing on April 11, 2024. *Id.* at 10, 45. Later that same month, the ALJ issued a written decision, which found that McCoy was not entitled to benefits. *Id.* at 10. On June 17, 2024, McCoy appealed the ALJ's decision to the Appeals Counsel. *Id.* at 189-90. On March 20, 2025, the Appeals Counsel denied McCoy's appeal, Tr. at 1, making the ALJ's April 2024 decision the final decision of the Commissioner, Tr. at 10–32; *see also* 20 C.F.R. § 404.981.

In their opinion, the ALJ found that McCoy

> has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: they can never climb ladders, ropes, or scaffolds; they must avoid all exposure to unprotected heights, dangerous moving machinery, and commercial driving; and they can adapt to occasional and superficial interactions with the public (where superficial means no arbitration, mediation, negotiation, or being responsible for the safety or supervision of others).

Tr. at 21. In coming to this determination, the ALJ reviewed the extensive medical and educational records submitted. The ALJ further provided an extremely detailed and thorough analysis detailing their evaluation of whether McCoy's allegations were supported by these records. *See id.* at 21-28. This was followed by additional extremely detailed and through discussion of opinion evidence from seven doctors and clinicians and whether they were consistent with and supported by the record. *See id.* at 28-30; *see also* 20 C.F.R. §§ 416.920c(a), 416.920c(c)(1)-(5) (noting that

---

[1] Under the authority of the Social Security Act, the Social Security Administration ("SSA") has promulgated regulations that provide for the payment of disabled child's insurance benefits if the claimant is eighteen years old or older and has a disability that began before attaining age twenty-two. 20 CFR 404.350(a)(5).
[2] The transcript of proceedings before the SSA is at ECF 7. All page references to the transcript refer to the SSA's numbering in the lower-right corner, and not the ECF PageID number added to the header upon filing with this Court.

supportability and consistency are the most important factors when considering medical opinion evidence).

## II. Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.,* 609 F.3d 847, 854-55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is

supported by substantial evidence." *Kyle*, 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

**III. Law and Analysis**

In their objection, McCoy argues that the Magistrate Judge was wrong to find that "the ALJ did not err in accounting for Plaintiff's psychogenic non-epileptic seizure disorder by limiting Plaintiff to no ladders, ropes, or scaffolds, heights, dangerous moving machinery, and commercial driving." ECF 13 at 1. McCoy contends "[t]he problem with both the ALJ's and Magistrate's conclusion is that RFC limitations that simply aim to minimize the consequences of seizures in the workplace, as we have here, do not actually account for the seizures' effects themselves." *Id.* Rather, McCoy asserts that "ALJs must account for the 'total limiting effects' of a Plaintiff's impairments," which here would be "the [alleged] impairment Plaintiff experiences in non-hazardous, more ordinary jobs where stress in the workplace causes her seizures, which, for starters, would take her off her work tasks." *Id.* at 2.

For starters, it is important to make clear that merely because the "RFC limitations say nothing" about a specific impairment does not mean that the ALJ did not consider and account for the "all of the medical and nonmedical evidence." *Id.*; 20 C.F.R. § 415.945(e). As previously mentioned, the ALJ was extremely detailed in his decision, "dedicating over five pages to analyzing McCoy's allegations and the opinion evidence of record." ECF 12 at 18; *see also* Tr. 21-30. Further, as the Commissioner points out, *see* ECF 14 at 1, McCoy already made this exact argument in their brief on the merits before the Magistrate Judge. *Compare* ECF 13 (McCoy's Objection), *with* ECF 8 (McCoy's Brief on the Merits).

4

In the R&R, Magistrate Judge Grimes appropriately noted that "it is clear that McCoy's argument amounts to a dispute over the ALJ's weighing of the evidence." ECF 12 at 17. And just as the R&R points out, "absent evidence to the contrary, the ALJ's statement that he considered the entire record, *see* Tr. 21, is presumed true." ECF 12 at 17 (citing *NLRB v. Newark Elec. Corp.*, 14 F.4th 152, 163 (2d Cir. 2021); *United States v. Chemical Found., Inc.*, 272 U.S. 1, 14–15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."); and *cf. Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988) (noting that the Appeals Council "state[d] that it 'considered the entire record which was before the administrative law judge, including the testimony at the hearing'")). McCoy's objection contains no citations to the record where the ALJ allegedly improperly considered or failed to consider certain limitations or effects; nor does McCoy's objection cite any case law supporting their position.

In sum, McCoy's objection must fail, as it amounts to nothing more than a disagreement with the ALJ on the weighing of evidence on the administrative record. In any event, this Court has reviewed the administrative record and finds that the ALJ's decision is supported by substantial evidence. A reviewing court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

## IV. Conclusion

After considering the arguments raised and the underlying record, the Court hereby OVERRULES McCoy's objection. Magistrate Judge Grimes' R&R is ADOPTED and this case is DISMISSED, with prejudice.

**IT IS SO ORDERED.**

Dated: February 12, 2026

*s/Dan Aaron Polster*
United States District Judge
